IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EQUAL MEANS EQUAL,
JANE DOE,
MARY DOE,
SUSAN DOE, and
THE NATIONAL COALITION AGAINST
VIOLENT ATHLETES,

    *Plaintiffs*,

v.

U.S. DEPARTMENT OF EDUCATION and
ELISABETH D. DEVOS, *in her official capacity as Secretary of Education*,

    *Defendants*.

Civil Action No. 17-12043-MLW

## DEFENDANTS' CONSOLIDATED OPPOSITION TO PLAINTIFFS' MOTIONS FOR EXTENSION OF TIME AND EXTENSION OF PAGE LIMITS

For the third consecutive time, Plaintiffs have failed to comply with a deadline for filing a memorandum in opposition to a motion to dismiss. On the two prior two occasions, Defendants took no position on Plaintiffs' after-the-fact extension motions, and the Court granted them. Because Plaintiffs have no valid excuse for their third consecutive failure to comply with a deadline, the Court should deny Plaintiffs' latest extension motion. In the event that the Court nevertheless grants Plaintiffs leave to file a brief in opposition to Defendants' motion, it should deny Plaintiffs' motion for an extension of the page limits to forty pages and instead require Plaintiffs to file a brief of no more than thirty pages, which is the number of pages that Defendants were allowed for their motion to dismiss.

### BACKGROUND

Plaintiffs commenced this case by filing a complaint on October 19, 2017. *See* ECF No. 1.

On February 27, 2018, Defendants moved to dismiss. *See* ECF No. 9. Pursuant to Local Rule 7.1(b)(2), Plaintiffs' opposition was due March 13, 2018.

Plaintiffs missed that deadline, and they did not file an extension motion until March 16, 2018. *See* ECF No. 11. Defendants took no position on the extension motion. The Court granted the extension motion, though it admonished Plaintiffs that "the opposition was due 14 days after the filing of the motion to dismiss." ECF No. 12. Plaintiffs' new deadline was May 14, 2018. *See id.*

Plaintiffs missed that deadline, too. Instead, on May 17, 2018, Plaintiffs filed a second extension motion, seeking leave to file their opposition that day. *See* ECF No. 15. Defendants did not oppose that extension motion, either. The Court granted the extension motion on September 24, 2018, but it ordered that "in the future, any request for an extension of time shall be filed at least seven days before the deadline for the submission." ECF No. 23.

On November 8, 2018, Defendants moved to dismiss the amended complaint. *See* ECF No. 27. (Seven days before their brief was due, Defendants filed a consent motion seeking leave to file a thirty-page memorandum in support of the motion, *see* ECF No. 25, which the Court granted, *see* ECF No. 26.) Under Local Rule 7.1(b)(2), Plaintiffs' opposition brief was due November 23, 2018; any extension motion therefore had to be filed by November 16, 2018.[1]

Plaintiffs again missed their deadline. Instead, on November 26, 2018, Plaintiffs finally filed motions seeking (1) a *nunc pro tunc* extension of their deadline to November 27, 2018, *see* ECF No. 29, and (2) leave to file a forty-page memorandum in opposition to Defendants' motion to dismiss, *see* ECF No. 30. These motions came three days after Plaintiffs' deadline for filing their opposition to Defendants' motion to dismiss and ten days after their deadline to file their

---

[1] November 22, 2018, was Thanksgiving Day. *See* 5 U.S.C. § 6103(a).

2

extension motion pursuant to the Court's order of September 24, 2018.[2]

## ARGUMENT

**I.     The Court Should Deny Plaintiffs' Motion for Extension of Time in Light of Plaintiffs' Third Consecutive Failure to Comply With a Court Deadline.**

The Court should deny Plaintiffs' latest untimely request for an extension of time because Plaintiffs have no valid excuse for their third consecutive failure to comply with a Court deadline. While an isolated failure to comply with a deadline may be forgiven on the basis of excusable neglect, *see* Fed. R. Civ. P. 6(b)(1)(B), the Court should not sanction Plaintiffs' repeated, consistent failure to abide by this Court's orders and the local rules of this Court. Indeed, Plaintiffs' only justification for their belated extension motion—that they could not comply with their deadline in light of the Thanksgiving holiday—was entirely foreseeable, and Plaintiffs' need for another extension should have been brought to Defendants' and the Court's attention seven days in advance of their deadline, in compliance with the Court's order of September 24.

As the First Circuit has explained, "Rules are rules—and the parties must play by them." *Mendez v. Banco Popular de P.R.*, 900 F.2d 4, 7 (1st Cir. 1990). "[T]he judicial process depends heavily on the judge's credibility," and "[t]o ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines." *Id.*; *accord Perez-Cordero v. Wal-Mart P.R.*, 440 F.3d 531, 533 (1st Cir. 2006) (court "has significant discretionary authority to set and enforce filing deadlines in accordance with the Federal Rules of Civil Procedure, even when those deadlines are difficult for lawyers to meet").

In this case, after Plaintiffs missed a deadline for the second time, the Court was explicit

---

[2] Plaintiffs' motion wrongly indicates that they are seeking to file their motion "three days late." *See* ECF No. 29 at 1.  Plaintiffs filed their extension motion three days after their November 23 deadline passed, but they are seeking a four-day extension insofar as there are four days between November 23, 2018, and November 27, 2018. *See* Fed R. Civ. P. 6(a)(1) ("exclude the day of the event that triggers the period," then "count every day," then "include the last day of the period").

about its future expectations: extension motions had to be filed "at least seven days before the deadline for the submission." ECF No. 23. Plaintiffs ignored that order, explaining that "Plaintiffs' counsel would have filed this motion sooner, but she assumed Defendants' counsel would assent." ECF No. 29 at 1. If the Court expects parties to comply with its orders, then there must be consequences for parties that consistently fail to do so. *See Mendez*, 900 F.2d at 7 ("If [the Court] sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance."). The Court should therefore deny Plaintiffs' latest extension motion and treat Defendants' motion to dismiss as unopposed.

**II.     If the Court Grants Plaintiffs' Extension Motion, It Should Deny Plaintiffs' Motion for an Extension of the Page Limit to Forty Pages.**

Should the Court reject the foregoing arguments and permit Plaintiffs to file an untimely brief in opposition to Defendants' motion to dismiss, it should still deny their request to file a forty page brief. Defendants sought and obtained leave to file a thirty-page motion, and it would be inequitable for Plaintiffs to receive ten additional pages beyond the number of pages that Defendants received. Accordingly, should the Court permit Plaintiffs to file a brief at all, it should only allow them up to thirty pages.

## CONCLUSION

The Court should deny Plaintiffs' motions.

Dated: November 27, 2018                     Respectfully submitted,

                                                              JOSEPH H. HUNT
                                                              Assistant Attorney General

                                                              ANDREW E. LELLING
                                                              United States Attorney

                                                              RAYFORD A. FARQUHAR
                                                              (B.B.O. # 560350)
                                                              Assistant United States Attorney

United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Phone: (617) 748-3100
Fax: (617) 748-3971
E-mail: rayford.farquhar@usdoj.gov

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division

/s/ *Steven A. Myers*
STEVEN A. MYERS
(NY Bar # 4823043)
BENJAMIN T. TAKEMOTO
(DC Bar # 1045253)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-8648
Fax: (202) 616-8470
E-mail: steven.a.myers@usdoj.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Plaintiffs' counsel, Wendy J. Murphy, by the Electronic Case Filing system on November 27, 2018.

/s/ *Steven A. Myers*
STEVEN A. MYERS