**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| EQUAL MEANS EQUAL,<br>JANE DOE,<br>MARY DOE,<br>SUSAN DOE, and<br>THE NATIONAL COALITION AGAINST<br>VIOLENT ATHLETES,<br><br>     *Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION and<br>ELISABETH D. DEVOS, *in her official*<br>*capacity as Secretary of Education*,<br><br>     *Defendants*. | Civil Action No. 17-12043-PBS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

**INTRODUCTION**................................................................................................................1

**BACKGROUND** .................................................................................................................1

**LEGAL STANDARD** ........................................................................................................2

**ARGUMENT** ...................................................................................................................2–4

    **I.**       **This Case is Not Moot Despite Rescission of the Challenged Rules**...............2–3

    **II.**     **NCAVA Has Amply Established Standing**...........................................................3

         A.  NCAVA Has Established Injury .......................................................................4

**CONCLUSION** ...................................................................................................................4

## TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*,

    550 U.S. 544 (2007)...........................................................................................2

*Ashcroft v. Iqbal*,

    556 U.S. 662 (2009)...........................................................................................2

*Commonwealth of Pennsylvania et al. v. DeVos et al.*,

    1:20-cv-01468 (D.D.C. 2020)............................................................................4

*Garcia-Catalan v. U.S.*,

    734 F.3d 100 (1st Cir. 2013).............................................................................2

*Katz v. Pershing, LLC.*,

    672 F.3d 64 (1st Cir. 2012)...............................................................................2

*Kerin v. Titeflex Corp.*,

    770 F.3d 978 (1st Cir. 2014).............................................................................2

*Lujan v. Defenders of Wildlife*,

    504 U.S. 555 (1992)...........................................................................................2

*State of New York et al. v. DeVos et. al.*,

    1:20-cv-04260 (S.D.N.Y. 2020)........................................................................4

*Survjustice v. DeVos et. al.*,

    C.A. No. 3:18-cv-00535-JSC, 2018 WL 4777074112 (N.D. Cal. 2018)................passim

*United States ex rel. Hutcheson v. Blackstone Med., Inc.*,

    647 F.3d 377 (1st Cir. 2011).............................................................................2

*Victim Rights Law Center et al., v. DeVos et al.*,

    1:20-cv-11104-WGY (D. Mass.) .................................................................1, 4

*Warth v. Seldin*,

    422 U.S. 490 (1975)..........................................................................................2

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ...................................................................2

**Other Authorities**

Richard J. Pierce, Jr., *Is Standing Law or Politics*,

    77 N.C. L. Rev. 1741 (1999).........................................................................4

U.S. Department of Education, Office for Civil Rights, *Q and A on Campus
Sexual Misconduct* (September 2017),
    https://www2.ed.gov/about/offices/list/ocr/docs/qa-title-ix-201709.pdf...............passim

## INTRODUCTION

Defendant has filed yet another motion to dismiss in a case that could have been resolved on the merits years ago. Indeed, a strikingly similar case was filed only a few months ago in this jurisdiction and is already scheduled for trial on November 12, 2020. *Victim Rights Law Center et al. v. DeVos et al.*, 1:20-cv-11104-WGY.

Defendant argues, again, that NCAVA lacks standing but this issue has been addressed ad nauseum by Plaintiffs. And, as the court indicated during oral argument on August 6, 2020, NCAVA has as much right and standing to seek a remedy in this matter as other similar (if not less worthy) plaintiffs had in the case, *SurvJustice Inc., v. DeVos*, No. 18-cv-00535-JSC, 2018 WL 477074112 (N.D. Cal. Oct. 1, 2018).

Defendant also argues that even if NCAVA has standing, this matter is no longer viable because the DeVos Rules have been superseded by recently promulgated regulations. This view fails to acknowledge that the DeVos rules will continue to affect matters pending before the Office for Civil Rights (OCR) before the DeVos Rules were rescinded. Indeed, the DOE recently issued a statement indicating the new regulations will not be applied retroactively, which means the DeVos Rules will continue to negatively affect many OCR matters in which NCAVA is now or will become involved. Neither the DOE nor any OCR under the DOE has indicated that it will not apply the DeVos Rules to matters pending prior to the rescission of the DeVos Rules. Thus, the issues in this case remain in controversy and should be addressed.

## BACKGROUND

The Background of this case has amply been set forth in previous pleadings, which Plaintiffs incorporate by reference.

**LEGAL STANDARD**

In deciding a motion to dismiss under Rule 12(b)(1), the court must "accept as true all well-pleaded fact[s] . . . and indulge all reasonable inferences in the plaintiff[s'] favor." *Kerin v. Titeflex Corp.*, 770 F.3d 978, 981 (1st Cir. 2014) (quoting *Katz v. Pershing, LLC*, 672 F.3d 64, 70 (1st Cir. 2012). At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, and it is presumed that "general allegations embrace those specific facts that are necessary to support the claim." *Warth v. Seldin,* 422 U.S. 490, 508 (1975). At the motion to dismiss stage, plaintiffs shoulder a lighter burden to support factual allegations of injury in fact and causation. As such, plaintiffs need not set forth evidence that would be required at the summary judgment phase. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

To survive a motion to dismiss under Rule 12(b)(6) the factual allegations need only be plausible, and sufficient to support a reasonable inference that the defendant is liable for the misconduct alleged. *Garcia-Catalan v. U.S.*, 734 F.3d 100, 103 (1st Cir. 2013). The court must "accept as true all well-pleaded facts, and analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences for the plaintiff." *United States ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 383 (1st Cir. 2011). A claim is plausible on its face when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, (2007). There need only be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**ARGUMENT**

**I.   This Case is Not Moot Despite Rescission of the DeVos Rules.**

Defendants argue that the Court should dismiss Plaintiffs' case because the DeVos Rules have been rescinded. But Defendants do not deny that the DeVos Rules will continue to be applied

to cases subject to the DeVos Rules before they were rescinded. Indeed, Defendants acknowledge only that the DOE "will not consider the 2017 Q&A in evaluating sexual harassment allegations that occur after…August 14, 2020." (ECF 109).

Plaintiff Jane Doe's OCR matter (which is no longer in mediation) is still pending. It was and still is being investigated pursuant to the DeVos Rules as OCR expressly stated to Jane Doe that the DeVos are being applied to the investigation of her complaint. (Sec. Am. Comp. ¶ 60). The same is true for Susan Doe. (*Id*. ¶ 65) As such, Defendant's argument fails.[1]

**II. NCAVA Has Amply Established Standing.**

Defendants make the curious claim that NCAVA lacks standing because "[n]othing in NCAVA's proposed Supplemental Facts on Standing suggests otherwise." (ECF 109). But Defendants provide no facts or arguments to support this statement and merely repeat the same arguments they made previously, that were rejected by this court. Defendants are not entitled to repeated bites of the standing apple.[2]

---

[1] Defendant argues that the fact that the DeVos Rules have been and will continue to be applied to Jane and Susan's cases is irrelevant because their claims have been dismissed from this case, but Defendant misapprehends the issue. The question is not whether Jane and Susan have active cases before this court, but rather, whether they — like countless other victims — have active cases pending before the OCR, and whether such cases have been and will continued to be affected by the DeVos Rules despite their rescission. It is not disputed that they will be affected. This plainly establishes that the issues raised here are not moot.

Defendants' claim that application of the DeVos Rules to pending OCR cases causes no injury to NCAVA ignores everything NCAVA has alleged about the work it does for victims, and how that work is affected by the DeVos Rules, specifically with regard to NCAVA's involvement in OCR matters.

[2] Defendants incorrectly claim that NCAVA is a defunct organization. In March 2020, NCAVA began the process of changing its name to be more inclusive and not limited to "Violent Athletes." It is still working on the process, but it has never ceased to function or to be an organization with the same mission, goals, board, etc. that NCAVA set forth in its complaint.

A.  <u>NCAVA Has Established Injury.</u>

Defendants make several baseless demands for facts that simply are not required at the pleading stage. For example, Defendants claim NCAVA has inadequately pled injuries because it has not alleged the exact number of the attorneys it has had to add to its team; what types of new trainings they have conducted; how frequently they conducted trainings; what costs were incurred; and how these things differed from before the issuance of the DeVos Rules. This degree of specificity is not required at the pleading stage and was neither required nor requested of the Plaintiffs at the pleading stage in the California case. *SurvJustice,* 2018 WL 477074112, *supra.*

## CONCLUSION

Standing doctrine is hardly a beacon of clarity, but it should never be so frivolously applied that the oldest and most established Title IX advocacy organization in the country, NCAVA, would be denied standing to challenge plainly illegal subregulatory rules, while organizations established relatively recently, whose work on Title IX is less well established, are granted standing (associational as well as organizational) to challenge the exact same rules. *Id.*

More recently, organizations with less involvement in Title IX compared to NCAVA filed actions in several courts challenging the new Title IX regulations and seeking preliminary injunctions. *Victim Rights Law Center et al. v. DeVos et al.*, 1:20-cv-11104-WGY (D. Mass. 2020); *Know Your IX et al. v. DeVos et al.*, 1:20-cv-01224-RDB (D. Md. 2020); *State of New York v. DeVos et al.*, 1:20-cv-04260 (S.D.N.Y. 2020); *Commonwealth of Pennsylvania et al. v. DeVos et al.*, 1:20-cv-01468 (D.D.C. 2020). These courts expressed no concerns about the plaintiffs' standing even though at the time the cases where filed, and even when three of the courts issued preliminary injunction decisions, the new regulations had not yet taken affect, much less had they caused injury to anyone.

That standing doctrine can inappropriately silence voices has long been recognized by

scholars. Richard J. Pierce, Jr., *Is Standing Law or Politics*, 77 N.C. L. REV. 1741, 1749 (1999). It is troubling that standing doctrine could deprive an entire class of injured persons from a judicial remedy. Standing doctrine has already contributed unfairly to delays in this case that not only caused countless violations of women's civil rights but also enabled the federal government to complete the arduous task of promulgating superseding regulations.

The Court should deny Defendants' motion. Plaintiffs and all women have a right to judicial review and judicial condemnation of subregulatory rules that permit sex discrimination, especially when the government cites as its authority to do so, a federal civil rights statute that *forbids* sex discrimination.

Respectfully submitted,

For the Plaintiffs,

/s/ Wendy J. Murphy

WENDY J. MURPHY
B.B.O. # 550455
Women's and Children's Advocacy Project
Center for Law and Social Responsibility
New England Law | Boston
154 Stuart Street
Boston, MA 02116
Phone: (617) 422-7410
E-mail: wmurphy@nesl.edu

Dated : October 13, 2020

## CERTIFICATE  OF  SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party by the ECF filing system.

<u>/s/ Wendy J. Murphy</u>

Wendy J. Murphy

Dated:  October 13, 2020