**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

EQUAL MEANS EQUAL,
JANE DOE,
MARY DOE,
SUSAN DOE, and
THE NATIONAL COALITION AGAINST
VIOLENT ATHLETES,

     *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF
EDUCATION and
ELISABETH D. DEVOS, *in her official
capacity as Secretary of Education*,

     *Defendants*.

Civil Action No. 17-12043-PBS

**PLAINTIFFS' SUPPLEMENTAL FACTS ON STANDING**

During oral argument[1] on August 6, 2020, the Court inquired about the technical and

organizational operations of Plaintiff The National Coalition Against Violent Athletes ("NCAVA"). In

response to the Court's invitation, Plaintiff respectfully submits the following:

1. NCAVA was founded in 1997 and as the first and oldest 501(c)(3) Title IX advocacy
   organization in the nation.

2. In March 2020, NCAVA began the process of undergoing a name change to WeLEAD.
   WeLEAD is registered with the IRS as an AKA of NCAVA. NCAVA has been consistently
   registered with the IRS since 1997 and currently still maintains NCAVA email accounts
   despite the WeLEAD change.

3. NCAVA/WeLEAD has five Board members, in accordance with their established bylaws.

---

[1] Because Defendants informed the Court during the August 6th hearing that Jane Doe's OCR matter
was in the process of being resolved by mediation, Plaintiffs hereby inform the Court that mediation
was unsuccessful, and the case is now actively under investigation.

4. NCAVA/WeLEAD has provided advocacy for over one-thousand victims of rape, sexual assault, gender/sex discrimination, interpersonal violence, and other matters pertaining to Title IX and other civil rights laws.

5. NCAVA/WeLEAD partners with students, attorneys, school administrators, coaches, crisis centers, women's advocacy organizations, and other groups in pursuit of NCAVA's organizational mission.

6. NCAVA/WeLEAD works with the United States Department of Education, Office for Civil Rights ("OCR"), campus officials, the NCAA, police departments, and other officials to ensure compliance with Title IX and the Clery Act.

7. NCAVA/WeLEAD works with victims and law enforcement officials in connection with the filing of police reports, and making requests under the Freedom of Information Act to obtain information pertaining to law enforcement's handling of gender-based violence. NCAVA also advises students, educators, victims and the general public about students' and victims' rights.

8. NCAVA/WeLEAD provides consultation and guidance prior to, during, and after Title IX reports have been made on campus. This include intervening, when necessary, to ensure the rights of students and victims are carried out in accordance with Title IX and other laws.

9. NCAVA/WeLEAD is a critical resource for students, educators, and victims that since 1997 has assisted them in making informed decisions regarding Title IX and related laws.

10. NCAVA/WeLEAD provides ongoing training and education for parents, students, administrators, and attorneys regarding Title IX and related laws. NCAVA/WeLEAD is also frequently asked to comment to the media about Title IX and related laws.

11. NCAVA/WeLEAD does not have any paid staff.

12. NCAVA/WeLEAD incurs billing expense for technology/communication (phone, internet, website, etc.) and for travel and marketing, and temporary project contractors, such as grant

writers, when necessary. NCAVA/WeLEAD does not bill for time, expertise, consultation, investigations, or any other work product on behalf of survivors.

13. Because the DeVos Rules unlawfully permit and require separate and different treatment of sex/gender-based harm, in violation of the Title IX statute and regulations, NCAVA/WeLEAD has had to provide new and different trainings and consultations with victims, families, schools and government officials specifically about the DeVos Rules and the ways that they unlawfully impact investigations and enforcement by schools, the OCR, the DOE, and other agencies.

14. Because the DeVos Rules unlawfully permit and require separate and different treatment of sex/gender-based harm, in violation of the Title IX statute and regulations, NCAVA/WeLEAD has been forced to expand its base of attorneys and advocates to address the Devos Rules and their detrimental effect on schools and victims.

15. Because the DeVos Rules unlawfully permit and require separate and different treatment of sex/gender-based harm, in violation of the Title IX statute and regulation, NCAVA/WeLEAD has been forced to consult with and train K–12 educators, school districts, and state departments of education specifically about the DeVos Rules, including the ways in which the rules violate Title IX and other laws.

16. Because the DeVos Rules unlawfully permit and require separate and different treatment of sex/gender-based harm, in violation of the Title IX statute and regulation, NCAVA/WeLEAD has seen a surge in the burdens borne by students and victims, and has consequently had to dedicate substantial resources specifically addressing these burdens.

17. Because the DeVos Rules unlawfully permit and require separate and different treatment of sex/gender-based harm, in violation of the Title IX statute and regulations, NCAVA/WeLEAD has been forced to travel substantially more frequently to provide education and guidance to victims, school officials, students, educators, and others.

18. Because the DeVos Rules unlawfully permit and require separate and different treatment of sex/gender-based harm, in violation of the Title IX statute and regulations, NCAVA/WeLEAD has had to dedicate resources to counteracting incorrect information given to students, educators, victims, and school officials about the effect of the Devos Rules on Title IX.

19. Because the DeVos Rules unlawfully permit and require separate and different treatment of sex/gender-based harm, in violation of the Title IX statute and regulations, NCAVA/WeLEAD has suffered financial losses and opportunities for funding.

Respectfully submitted,

For the Plaintiffs,

WENDY J. MURPHY
B.B.O. # 550455
Women's and Children's Advocacy Project
Center for Law and Social Responsibility
New England Law | Boston
154 Stuart Street
Boston, MA 02116
Phone: (617) 422-7410
E-mail: wmurphy@nesl.edu

On the brief: Alison Shea, Esq.

## CERTIFICATE   OF   SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party by the ECF filing system.

/s/ Wendy J. Murphy

Wendy J. Murphy

Dated:  August 20, 2020